Wilde J.
delivered the opinion of the Court. This is an action of debt on an obligation made to the plaintiff by the defendant’s testator, the condition of which was to pay a certain portion of the expenses of supporting one Tristram Browning, for whose support the parties to the obligation were to a certain extent liable. The testator’s estate has been represented insolvent, and it is admitted that it is actually insolvent. The plaintiff laid his claim for expenses incurred for the support of Browning, before the commissioners of insolvency, which was allowed up to the close of their commission ; and he claiming further allowance, objected to their report, and thereupon gave notice of his objections, and commenced the present action in pursuance of the statute.
The only question now is, whether any further allowance can by law be made on account of the plaintiff’s liability for future expenses, Browning being still living ; and we are of opinion that no such allowance can be sustained.
That demands payable at a future day certain may be allowed by commissioners on insolvent estates, was decided in Eaton v. Whitaker, 6 Pick. 465. Such demands are considered due, although payable in futuro, and so are within the meaning, and indeed the words of the statute ; tmt the *489 plaintiff’s claim for Browning’s future support is m no sense now “ due and owing,” for it depends on contingencies whether it ever may become due. The bond is substantially a bond of indemnity, and if the plaintiff should fail to incur any expense for the support in question, either by reason of unwillingness or inability, he can have no claim for indemnity or contribution. So the amount of the expenses for the support of Browning depends on a contingency, both in respect to the continuance of his life, and the state of his health, which might render his support more or less expensive. If the testator’s estate was not insolvent, it would be quite clear that the plaintiff could not recover beyond the amount due at the time of the rendition of judgment. By the St. 1798, c. 77, § 6, the Court is directed in such case “ to enter up judgment for the whole forfeiture, and to award execution only for so much of the debt or damage as is due and sustained at the time of the judgment.” For future damages the plaintiff’s remedy would be by scire facias, which is substantially a new action. It is true that he cannot have this remedy, the estate being insolvent, but no provision is made in the statute of insolvency to supply this defect, and it is for the legislature alone to consider whether the defect is such as to require their interposition. As the law now is, we think it clear that no claim can be allowed unless it is debitum in prcesenti. This was considered to be the law in Eaton v. Whitaker, although the point was not discussed nor decided ; and so the law was held to be, in Wilby v. Phinney, 15 Mass. R. 116, which in principle cannot be distinguished from the present case. The plaintiff and James Harrison, upon whose estate the defendant administered, were partners in trade and the firm was insolvent. The principal question was, whether the plaintiff could recover the balance due him from his deceased partner, there being outstanding claims against the firm, so that a final balance could not be ascertained. It was decided, that the plaintiff should recover the balance due at the time of the judgment, but not for any outstanding debts. “ We are aware,” it is said, “ of another difficulty also, for which, however, there is no remedy. The plaintiff may hereafter be compelled to pay he outstanding debts, which have been represented as of con *490 siderable amount, and after f;he distribution of Harrison’s es-late, he can have no relief.” Now it was highly probable, and almost certain, that Wilby would have to pay the outstanding debts so far as he might be able, — and it did not appear that he was insolvent, — yet until actual payment he could claim no indemnity or contribution. And so in the present case, there is no reason to doubt that the plaintiff will continue to support Browning, he being liable for his support ; but nothing is due and owing to him from the testator’s estate, by force of the obligation, except for expenses actually incurred.
Judgment therefore, will be entered according to the audit or’s report, excepting as to future expenses, which are disallowed for the reasons stated.[1]

 See Rev. Stat. c. 68, § 5 7